UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LOIS L. LUGO, | |
| Plaintiff, | Case No. 1:13-cv-816 |
| v. | Honorable Robert Holmes Bell |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a civil action brought by a *pro se* plaintiff against the Federal Home Loan Mortgage Corporation, informally known as "Freddie Mac." The complaint asserts that it "arises under Michigan and Federal statutes for intentional misrepresentation and negligent misrepresentation," but no such statutes are cited. (Compl. ¶ III). The only facts clearly alleged are that plaintiff is a resident of Haslett, Michigan, that she entered into a real estate mortgage in November 2007 with First NLC Financial Services, LLC, encumbering plaintiff's residence in Haslett, and that the mortgage secured a debt of $161,500.00. The remainder of the complaint can best be described as nonsensical legalese. Certainly, plaintiff alleges no knowing representation or omission of a material fact by Freddie Mac, the only named defendant.

Plaintiff initiated this lawsuit in the Ingham County Circuit Court. By notice of removal dated July 30, 2013, defendant removed the case to this court pursuant to 12 U.S.C. § 1452(f), which allows Freddie Mac to remove cases to federal court as if it were a federal agency.

In response to the complaint, defendant filed a motion denominated "Motion for Judgment on the Pleadings." (docket # 5). Because this motion was defendant's first response to the complaint, the motion is more properly denominated a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This error in captioning the motion, however, is immaterial, as motions for judgment on the pleadings under Rule 12(c) and motions to dismiss under Rule 12(b)(6) are governed by identical standards. *See Reilly v. Vadlamud*, 680 F.3d 617, 622 (6th Cir. 2012). District Judge Robert Holmes Bell has referred this matter to me for all pretrial purposes, including the entry of a report and recommendation on dispositive motions. Having reviewed the complaint and the submissions of the parties, I conclude that the complaint fails to state any cognizable claim and recommend that the motion to dismiss be granted.

**Governing Standard**

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *see Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Reilly v. Vadlamudi*, 680 F.3d at 622. The court need not accept as true legal

conclusions or unwarranted factual inferences. *Berrington v. Wal–Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570; *see Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010)(quoting *Iqbal*, 556 U.S. at 678).

## Discussion

Plaintiff's complaint expressly identifies the nature of her claim as "misrepresentation" under both state and federal law. Under Michigan law, the elements of a fraud claim are: (1) that the defendant made a material representation; (2) that it was false; (3) that the defendant knew the statement was false when he made it, or it was made recklessly, without any knowledge of its truth and as a positive assertion; (4) that defendant made the statement with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury. *See Novi v. Robert Adell Children's*

*Funded Trust*, 701 N.W.2d 144, 152 n.8 (Mich. 2005). Federal law contains no general proscription against fraud, a matter usually left to state law. As plaintiff does not identify any particular federal statute underlying her fraud claim, it is impossible to delineate precisely the elements of her unpleaded fraud claim. Nevertheless, when the Supreme Court has been called upon to delineate the elements of a fraud claim under federal statutory law, the Court generally identifies the same elements, namely a material misrepresentation, *scienter*, causation, and detrimental reliance. *See, e.g., Eric P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011) (fraud claims under securities law).

Review of the complaint makes it patently obvious that plaintiff has not alleged any actionable fraud under either federal or state law. Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be alleged "with particularity." Under Sixth Circuit authority, a plaintiff satisfies the requirements of Rule 9(b) by (1) pointing to a particular allegedly fraudulent statement; (2) identifying the maker of the statement; (3) pleading when and where the statement was made; and (4) explaining what made the statement fraudulent. *See Public Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 253 (6th Cir. 2012). Plaintiff's complaint does nothing of the sort. Beyond the allegation that plaintiff procured a mortgage from First NLC Financial Services in November of 2007, the complaint is virtually unintelligible. The only attempted allegation of misrepresentation is found in paragraph 3, which reads, verbatim, as follows:

> 3) Discovery reveals proof of satisfaction of Trust and assigned cusip number verified and linked to said mortgage. Furthermore said securitized trust receives IRS preferential status called REMIC and "Pass through" if certain rules and regulations are adhered to. Discovery has revealed errors in this process which could jeopardize the enter status of said trust. Affiant believes defendant knowingly misrepresented actual ownership of deed of trust in effort to execute collateral. While affiant does

> not question the actual Pooling and Servicing Agreement, but rather the collateral attached to said "Mortgage Backed Security".

(Compl. ¶ 3). Needless to say, this virtually meaningless legalese falls far short of satisfying the requirements of Rule 9(b).

Plaintiff's brief in response to defendant's motion sheds no further light on the nature of plaintiff's claims. Plaintiff attempts to take refuge in her *pro se* status, without success. Although a *pro se* litigant cannot be expected to be an expert in the law, she can be expected to state the facts underlying her claim with enough clarity that the average reader would know what she was talking about. Instead of doing so, plaintiff only adds to the confusion with arguments such as this:

> Plaintiff can prove Defendants [sic] role in claimed misrepresentation which will be outlined in intrigue detail when discovery is scheduled and presented. Plaintiff can prove the that the defendant is in fact a knowing buffer for the beneficiaries or collateral owners and have orchestrated fraudulent acts to conceal the planned over-the-counter derivatives gained during what will be a clear example of shadow banking system offloading a synthetic collateralized debt obligation. Defendant is responsible for actions which have purposefully stripped away key safeguards in by window dressing what is actually a credit default swap to ensure there is no acknowledgement of the actual owners for these off balance sheet entities. Plaintiff will prove that her home was collateralized and satisfaction of said trust and the clear role by named Defendant to mislead affiant.

(Plf. Opposition to Deft. Motion to Dismiss at 3, docket # 7). Neither the court nor the defendant can be expected to make sense of such allegations, which fail to state a claim under either state or federal law.

**Recommended Disposition**

Plaintiff's complaint does not raise a plausible claim against defendant under any theory. I therefore recommend that defendant's motion for judgment on the pleadings (docket # 5) be granted and that the complaint be dismissed for failure to state a claim upon which relief can be granted.


Dated: September 9, 2013                /s/  Joseph G. Scoville
                                        United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).